**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF OHIO**

DS ADVANCED ENTERPRISES, LTD.

**PLAINTIFF,**

VS.

THE HOME DEPOT, INC.,

HOME DEPOT U.S.A., INC., AND

HOME DEPOT INVESTMENT MANAGEMENT (SHANGHAI) CO., LTD,

**DEFENDANTS.**

CASE NO.: 2:26-cv-00045

**CIVIL COMPLAINT**

**Introduction**

1. This is an action by DS Advanced Enterprises, Ltd., ("DSAE") against The Home Depot, Inc., Home Depot U.S.A., Inc., Home Depot Investment Management (Shanghai) Co., Ltd, (collectively "Home Depot") for infringement of U.S. Patent No. 12,359,783 ("'783 Patent") and U.S. Patent No. 11,054,118 ("'118 Patent").
2. DSAE is the sole owner of the '783 Patent, attached as Exhibit 1.
3. DSAE is the sole owner of the '118 Patent, attached as Exhibit 2.
4. David Sherman ("David" or "DS") is the sole inventor on each of the '783 Patent and the '118 Patent.
5. David has decades of experience in the lighting industry, and his small Canadian business, DSAE, is an extension of that experience wherein David leverages his lighting industry knowledge to develop and trade residential and commercial lighting products.
6. DSAE designs and sells, in the United States and worldwide, their patented lighting fixtures, which are sold through manufacturers and/or by contacting DSAE through their website: See, *e.g.*, https://www.dsaent.com.
7. Home Depot sells the following accused products: Home Depot SKU#1011028804 Model: NJ03a4IN3in1-W and SKU# 1011028805 Model: NJ03a6IN3in1-W (collectively the "Accused Products").

8. According to SEC filings, The Home Depot, Inc. describes itself as the world's largest home improvement retailer with more than 2,300 stores in the United States, Canada, and Mexico. See Exhibit 10.

9. Home Depot Investment Management (Shanghai) Co., Ltd ("Home Depot China") procures the Accused Products for retail in the United States. See Exhibit 5 and Exhibit 14.

10. Home Depot's offices in China facilitate sourcing of products from China. See, *e.g.*, pg. 5, https://ir.homedepot.com/~/media/Files/H/HomeDepot-IR/reports-and-presentations/annual-reports/FY10%20-%2010K.pdf .

11. Home Depot China has an office in China with the following address: Floor 11, No. 1366, Lujiazui Ring Road, China (Shanghai) Pilot Free Trade Zone Shanghai, Shanghai, 200120 China. See Exhibit 5 and Exhibit 14.

12. Brian M. Mandigo and Lu Chenye are named as a legal representatives for Home Depot China. See Exhibit 5 and Exhibit 14; and also https://www.qcc.com/

13. Lu Chenye of Home Depot China is identified on various public web pages identifying his Home Depot email address as: tony_lu@homedepot.com.

14. Home Depot China provides an email address for contacting Home Depot China.

15. The email address for Home Depot China is listed as: tony_lu@homedepot.com. See Exhibit 14.

16. Home Depot U.S.A., Inc., is a subsidiary of The Home Depot, Inc. and controls retail sales of the Accused Products in the United States.

17. The Home Depot, Inc. controls a Canadian subsidiary Home Depot of Canada, Inc., which sells the Accused Products in Canada.

18. The Accused Products are indicated as manufactured in Thailand and imported into the United States by Home Depot China and The Home Depot, Inc.

19. Home Depot stands accused of infringing the ‘783 Patent and the ‘118 Patent, at least based on selling, offering for sale, and importing the Accused Products.

20. DSAE is seeking recovery of damages against Home Depot for patent infringement under 35 U.S.C. § 271.

21. DSAE is also seeking enhanced damages against Home Depot for willful infringement under 35 U.S.C. § 284.

22. DSAE is also seeking attorney’s fees against Home Depot under 35 U.S.C. § 285.

**<u>Jurisdiction and Venue</u>**

23. This Court has original jurisdiction over the subject matter of this action pursuant 28 U.S.C. §1331 and §1338, as the dispute between the parties

presents a substantial question of federal patent law.

24. The Court also has jurisdiction pursuant to 28 U.S.C. §2201(a), as DSAE seeks a declaration of rights in relation to Home Depot.

25. Venue is proper in this district under 28 U.S.C. §1400(b) and 28 U.S.C. §1391(b).

26. There are at least 70 Home Depot retail stores in Ohio. See, *e.g.*, https://www.homedepot.com/l/OH.

27. There are at least 4 Home Depot distribution centers in Ohio, including at least two distribution centers in this District. See, *e.g.*, https://careers.homedepot.com/job-search-results?category[]=Distribution%20Center%20%26%20Warehouse&category[]=Warehouse%20Associate.

## PARTIES

28. Plaintiff, DSAE is an Ontario corporation with a principal place of business at 34 Park Court, Niagara-on-the-Lake, ON L0S 1J0, Canada.

29. The Home Depot, Inc. is a Delaware corporation that controls various retail stores and distribution centers throughout Ohio and this District.

30. Home Depot U.S.A., Inc. is a Delaware corporation that operates various retail stores and distribution centers throughout Ohio and this District.

31. Home Depot Investment Management (Shanghai) Co., Ltd is a Chinese corporation that procures retail products for sale in retail stores located in

Ohio and this District. See Exhibit 5.

## TECHNICAL BACKGROUND

32. The '783 and '118 Patents solve a number of problems arising from the world's transition from incandescent light bulbs to light emitting diodes (LEDs).

33. In 2007, there were an estimated 435 million recessed lighting fixtures installed in residential applications[1].

34. "Recessed light fixtures" refer to light fixtures that are recessed into ceilings, often in spaces (*e.g.*, attics, soffits, etc.) where air flow is limited.[1]

35. When initially introduced to the world, these fixtures often operated using



relatively high wattage incandescent bulbs, which are notoriously inefficient, giving off 90% of their supplied energy as heat instead of light.[2, 3]

1. Plaintiff asks this Court to take Judicial Notice of the following U.S. government website: https://basc.pnnl.gov/code-compliance/recessed-lighting-code-compliance-brief *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010).
2. Plaintiff asks this Court to take Judicial Notice of the following U.S. government website: https://www.energy.gov/sites/default/files/2022-06/job-aid-3-2_seal-dam-recessed-lights.pdf. *Id*.
3. Plaintiff asks this Court to take Judicial Notice of the following U.S. government website: https://www.energy.gov/energysaver/when-turn-your-lights. *Id*.

36. Because of the risks these fixtures pose, recessed fixture housings in unconditioned spaces are required by electrical standards organizations to be "IC-rated" (*i.e.*, Insulation Contact rated)[4] to mitigate risk of ignition of any surrounding insulation (see image above for context).

37. In view of their inefficiencies and risks to public safety, recessed incandescent fixtures are being replaced by ever-improving LED fixtures[3].

38. In furtherance of this transition away from dangerous incandescent downlights, retailers sell kits for replacing existing incandescent fixtures. Prior to the '783 and '118 Patents, retailers *separately* offered different types of "new construction" and "retrofit" LED fixture kits.

39. New construction kits are for installing in constructions where an existing fixture housing is unsafe to re-use, or where there is no existing fixture housing. Retrofit kits are utilized when an existing recessed housing or "can" is available and safe to re-use.

40. A major drawback to these kits is that the decision to undertake a "retrofit" or a "new construction" installation may not be made final for each existing fixture until an electrician or repairperson climbs up to the ceiling and examines each individual fixture.

---

4. Plaintiff asks this Court to take Judicial Notice of the following U.S. government website: https://www.energy.gov/energysaver/lighting-design. *Id*.







41.

42. Purchasing a large volume of a *single* type of LED fixture kit (*e.g.*, “retrofit”) would therefore be extremely wasteful until the condition and re-usability of any existing fixtures is determined. This can be especially wasteful for retailers and electricians who often warehouse *both* types of fixture kits.

43. DSAE’s ‘783 and ‘118 Patents further eliminate the need to warehouse multiple types of fixture kits, thereby preserving space, materials, and other affected resources.

44. DSAE’s ‘783 and ‘118 Patents further reduce material waste by facilitating re-use of products after installation (*e.g.*, relocated to a different room or building), instead of being thrown away during replacement.

## HOME DEPOT'S WILLFUL AND EGREGIOUS CONDUCT

45. Each paragraph of the foregoing paragraphs 1-44 is incorporated herein.

46. On or around April 2, 2019, and August 27, 2019, approximately a year after the priority date for the '118 Patent, David gave presentations ("2019 Presentations") to Home Depot regarding lighting products that are the subject of the '118 Patent.

47. Content of the April 2, 2019 presentation ("First Presentation") included descriptions of a patent application.

48. A first slide of the First Presentation expressly indicated to Home Depot that the product being presented was the subject of a patent application.

49. Content of the August 27, 2019 presentation ("Second Presentation") included descriptions of a patent application.

50. A first slide of the Second Presentation expressly indicated to Home Depot that the product being presented was the subject of a patent application.

51. Participants to the 2019 Presentations included product managers employed by Home Depot such as, but not limited to Craig Brown, a former employee of both Home Depot and Eaton Corporation.

52. David participated in a separate meeting on April 2, 2019 with Cameron Skilling, a buyer for Home Depot.

53. This separate meeting was in furtherance of soliciting Home Depot to purchase

and retail DSAE's products covered by the '118 Patent.

54. Upon information and belief, Craig Brown indicated, in response to the 2019 Presentations, that DSAE's lighting product (*i.e.*, the subject of the '118 Patent) is different and unique relative to other products that suppliers previously showed to Craig Brown.

55. Upon information and belief, and on or around the time of the 2019 Presentations, Home Depot expressed interest in retailing DSAE's product that is the subject of the '118 Patent.

56. On or around August 28, 2019, David corresponded with Craig Brown of Home Depot via email regarding the 2019 Presentations.

57. Craig Brown visited a foreign lighting manufacturer and employees of Home Depot's subsidiary within about 3 months after the Second Presentation.

58. Home Depot China and The Home Depot, Inc. share one or more officers and/or employees.

59. Richard V. McPhail is an officer of Home Depot China and The Home Depot, Inc.

60. Home Depot China and The Home Depot, Inc. share information regarding products retailed by Home Depot U.S.A., Inc.

61. During 2023, Home Depot U.S.A., Inc. was accused of infringing the '118 Patent in a separate litigation involving DSAE. See, *DS Advanced*

*Enterprises, Ltd. v. Cooper Lighting, LLC et al.*, Case No. 5:23-cv-02603-JAK-SHK (C.D. Cal. 2023) and *DS Advanced Enterprises, Ltd. v. Cooper Lighting, LLC et al.*, Case No. 1:24-cv-05643-TRJ (N.D. Ga. 2024).

62. Home Depot U.S.A., Inc. continued to sell the Accused Products after close of the cases identified in ¶ 61. See screenshot from https://www.homedepot.com/p/Commercial-Electric-3-in-1-Universal-Installation-5-6-in-White-Integrated-LED-Recessed-Light-with-Selectable-Color-Temperature-1-Pack-NJ03a6IN3in1-W/329183213, below:




63. Home Depot provides installation instruction manuals for the Accused Products. See Exhibit 3 and Exhibit 4 (collectively the "Manuals").

64. Meta data stored with PDFs for the Manuals for the Accused Products indicate

the Manuals were created on March 14, 2024 and March 18, 2024.

65. Documents showing Energy Star certifications for the Accused Products indicate the Accused Products were certified as early as April 24, 2024 and available on the market as early as May 7, 2024. See Exhibits 6 and 7.

66. On or around July 18, 2025, DSAE sent a demand letter ("Demand Letter") to Home Depot accusing Home Depot of infringement of the '783 Patent. See Exhibit 8.

67. The Demand Letter accused Home Depot U.S.A., Inc. of patent infringement based at least on Home Depot's selling of the Accused Products. *Id*.

68. The Demand Letter included a copy of the '783 Patent, identified the Accused Products, and identified DSAE as the owner of the '783 Patent. *Id*.

69. The Accused Products are manufactured by Leedarson Lighting Co., Ltd., a Chinese manufacturing company. See, *e.g.*, https://www.leedarson.com/about-leedarson.

70. Leedarson Lighting Co., Ltd., is headquartered in the People's Republic of China at the Leedarson Building, No. 1511, 2nd Fanghu North Road, Xiamen 361010, People's Republic of China. See Exhibit 9.

71. After sending the Demand Letter to Home Depot, DSAE and Home Depot exchanged correspondences with DSAE regarding the allegations of patent infringement.

72. Those correspondences also included representatives of the Chinese manufacturing company, Leedarson.

73. Discussions between DSAE, Leedarson, and Home Depot did not result in settlement of any claims of patent infringement.

74. Despite being accused of patent infringement, Home Depot continues to import, offer for sale, or sell the Accused Products throughout the United States and Canada. See screenshot below from Home Depot's Canadian retail website: https://www.homedepot.ca/product/commercial-electric-3-in-1-universal-installation-4-in-white-integrated-led-recessed-light-with-selectable-color-temperature-1-pack-/1001954953:




75. Despite being accused of patent infringement, Home Depot China continues to

procure the Accused Products for retailing in the United States.

**Infringement of the ‘783 Patent**

76. Each paragraph of the foregoing paragraphs 1-75 is incorporated herein.

77. Home Depot directly and indirectly infringes each and every claim of the ‘783 Patent.

78. Each element of each claim of the ‘783 Patent is present in each Accused Product, either literally or by equivalents.

79. Manuals for the Accused Products describe the Accused Products as “3-in-1 Universal Installation Recessed Light[s]”.

80. Claims 1 and 9 of the ‘783 Patent each recite “a light source attachable to, and detachable from, a mounting surface in at least three different scenarios”.

81. Each Manual include a Tables of Contents identifying three different ways of installing an Accused Product.

82. The three different ways of installing an Accused Product are labeled as “A”, “B”, and “C” in each Manual.

83. The Manuals indicate the Accused Products include an LED light.

84. The Manuals describe wires from a supply circuit to be attached during installation of the Accused Products.

85. The Manuals encourage “Using Spring Clips” during user installation of the Accused Products in an “existing recessed housing”.

86. The Manuals encourage using “spring-loaded clips” during user installation of the Accused Products in “Canless” installations.

87. The Manuals encourage using screws and a mounting plate during user installation of the Accused Products to an existing “junction box of the ceiling.”

88. The Manuals show diagrams illustrating a junction box included with each Accused Products.

89. The Manuals show diagrams illustrating wire connectors included with each Accused Product.

90. The Manuals show diagrams illustrating a socket adapter included with each Accused Products.

91. The Manuals show diagrams illustrating a plate, screws, and clamps included with each Accused Product for facilitating installation of an Accused Product by a user in an existing “junction box of the ceiling.”

92. Each Accused Product is sold with a diffuser lens.

93. Each Accused Product is sold with an LED driver that is connected to an LED light source.

**<u>Infringement of the ‘118 Patent</u>**

94. Each paragraph of the foregoing paragraphs 1-93 is incorporated herein.

95. Home Depot directly and indirectly infringes each and every claim of the ‘118

Patent.

96. Each element of each claim of the ‘118 Patent is present in each Accused Product, either literally or by equivalents.

97. The Manuals for the Accused Products direct users to utilize “clips” provided with the Accused Products for installing in an “existing recessed housing”.

98. The Manuals for the Accused Products direct users to utilize “spring-loaded clips” for installation at a ceiling as a “canless” installation.

99. Each Manual shows each “spring-loaded clip” attached to a piece of metal that is upright relative to a metal enclosure for the LEDs for the Accused Product.

100. The Accused Products are sold with junctions boxes.

101. The Manuals direct users to input wires from their home, into the junction boxes, for connecting to wires of the Accused Products to the input wires.

102. The Accused Products are sold with wire connectors.

103. Wire ends are twisted and inserted into the wire connectors prior to the Accused Products being sold to users.

104. The Manuals direct user to attach wires, extending out from an LED driver of the Accused Products, to the input wires via the wire connectors.

105. Each Accused Product is sold with a socket adapter.

106. When a user installs an Accused Product according to a “canless” installation

with the "spring-loaded clips", ceiling material would be squeezed between the clips and the metal enclosure of the Accused Product.

107. Each Accused Product is sold with an LED driver enclosed by a junction box, with additional room in the junction box for other wire connections.

**COUNT 1**

**PATENT INFRINGEMENT PER 35 U.S.C. § 271**

108. DSAE repeats and incorporates by reference paragraphs 1-107 as if fully set forth herein.

109. Defendants have been and are infringing, directly, indirectly, and/or by equivalents, DSAE's Patents by using, selling, offering for sale from the United States, and/or importing into the United States, including within Ohio and this District, the Accused Products in violation of 35 U.S.C. § 271.

**COUNT 2**

**ENHANCED DAMAGES PER 35 U.S.C. § 284**

110. DSAE repeats and incorporates by reference paragraphs 1-109 as if fully set forth herein.

111. Defendants' infringing conduct has been, and continues to be knowing, intentional, egregious, and willful.

112. Defendants' acts of infringement have caused and will continue to cause DSAE damages for which DSAE is entitled to compensation pursuant to 35

U.S.C. § 284.

**COUNT 3**

**ATTORNEY'S FEES PER 35 U.S.C. § 285**

113. DSAE repeats and incorporates by reference paragraphs 1-112 as if fully set forth herein.

114. This case is exceptional and, therefore, DSAE is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, DSAE respectfully requests judgment against Home Depot as follows:

1. Adjudging, finding, and declaring that Defendants, Home Depot, are infringing, directly or by equivalents, the DSAE's Patents, in violation of 35 U.S.C. § 271, and/or that each respective Defendant is otherwise liable as an infringer of the DSAE's Patents, pursuant to 35 U.S.C. §§ 271(a), 271(b), 271(c), and/or 271(f);

2. Granting an injunction and permanently enjoining Home Depot and their employees, agents, officers, servants, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the DSAE's Patents, including all making, using, importing, advertising, offering for sale and selling the Accused Products on any online shopping platforms, any online sales platform, as

well as others distributing or selling the Accused Products to the public and/or retailers, permanently remove from their respective platforms any and all sales pages illustrating, featuring, mentioning, selling, offering for sale the Accused Products, or any other relevant products, pursuant to 35 U.S.C. §283;

3. Ordering Defendants to account for all sales (domestically and internationally, revenues, profits, and expenses), and ordering Home Depot to pay DSAE for Defendants wrongful gains and in furtherance of deterrence, and/or otherwise pay actual and compensatory damages adequate to compensate DSAE for each Defendant's infringement of the DSAE's Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4. Ordering that damages be awarded and increased in an amount up to three times the actual amount assessed, as deterrence, pursuant to 35 U.S.C. § 284;

5. Declaring this case exceptional and awarding DSAE its reasonable attorney's fees, pursuant to 35 U.S.C. §285;

6. Ordering Home Defendants to provide DSAE with sufficient information to determine any past and/or present source of manufacturing, any suppliers, and any distributors of the Accused Products;

7. Ordering Defendants to provide DSAE with sufficient information to determine details regarding communications, relevant decisions for action, and/or inaction with respect to infringing DSAE's Patents, manufacturing the Accused

Products, importing the Accused Products, and/or otherwise making the Accused Products available for purchase.

8. Ordering Defendants to provide DSAE with sufficient information to determine details regarding relevant communications, purchases, cancelations, and/or agreements between any Defendant and any other associated lighting parts retailer, seller, manufacturer, importer, and/or trade broker.

9. Ordering Defendants to pay for expenses incurred by DSAE for and associated with monitoring Defendants infringing activities, and interacting with Home Depot, their agents, and any other persons or entities to prevent Home Depot's infringing activities.

10. An order requiring each Defendant to pay enhanced damages, as a deterrence, due to each Defendant's reckless, egregious, and willful acts.

11. Awarding any such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, DSAE demands a trial by jury on all issues so triable.

Dated: January 14, 2026
Signed: /s/ Patrick D. Cummins
Patrick Cummins, Ohio Bar No.105801 (Trial Attorney)
Dean Cummins Law Firm LLC
470 W Broad St. #22,
Columbus, OH 43215

Telephone: (502) 445-9880
***Counsel for Plaintiff,***
***DS Advanced Enterprises, Ltd.***