**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DS ADVANCED ENTERPRISES, LTD.,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-45**
**Judge Edmund A. Sargus, Jr.**
**Magistrate Judge Chelsey M. Vascura**

**THE HOME DEPOT, INC., *et al.*,**

**Defendants.**

**OPINION AND ORDER**

Plaintiff, DS Advanced Enterprises, Ltd., sues Defendants, The Home Depot, Inc., Home Depot U.S.A., Inc., and Home Depot Investment Management (Shanghai) Co., Ltd., for infringement of Plaintiff's patents for recessed-lighting installation technology. (Compl., ECF No. 1.) This matter is before the Court on Defendants' Motion to Transfer, or Alternatively to Stay Claims against Defendant under the Customer-Suit Exception. (ECF No. 22.) For the reasons below, Defendants' Motion is **GRANTED** and this case is **TRANSFERRED** to the Northern District of Georgia.

## I. BACKGROUND

Plaintiff, a Canadian corporation, is a patent holder for recessed-lighting installation technology. Plaintiff alleges that its owner, David Sherman, made multiple presentations in 2019 to Defendant The Home Depot, Inc., concerning the patented technology; however, instead of partnering with Plaintiff, Defendants coordinated with a Chinese manufacturer (non-party Leedarson Lighting Co., Ltd.) to manufacture products that infringe on Plaintiff's patents.

Defendants sell these products under Home Depot's own private label as "3-in-1 Universal Installation Recessed Light[s]" "on Home Depot's shelves nationwide." (Pl.'s Mem. in Opp'n 1, ECF No. 25.) On January 14, 2026, Plaintiff commenced this action for patent infringement against various Home Depot entities in the United States District Court for the Southern District of Ohio. (ECF No. 1.) Almost three months later, Leedarson Lighting Co., Ltd., Leedarson America, Inc., and Leedarson IoT Technology (Thailand) Co., Ltd., commenced a declaratory judgment action against Plaintiff in the United States District Court for the Northern District of Georgia, seeking a declaratory judgment that the Leedarson entities had not infringed Plaintiff's patents. ("Georgia Action," N.D. Ga. Case No. 1:26-1777.)

Defendants filed the subject Motion on May 15, 2026. (ECF No. 22.) Therein, Defendants seek a transfer of this action to the Northern District of Georgia for the convenience of parties and witnesses under 28 U.S.C. § 1404(a). Alternatively, Defendants seek to stay this action in its entirety pending final resolution of the Georgia Action under the customer-suit exception to the first-to-file doctrine. (*Id.*)

## II. STANDARDS GOVERNING TRANSFER OF VENUE

Defendants seek to transfer venue under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

Thus, Courts considering transfer under § 1404(a) must first determine whether the action might have been brought in the requested transferee forum. *See*, *e.g.*, *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 169 (S.D. Ohio 2012). Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction. *Solari v. Goodyear Tire & Rubber Co.*, 654 F. App'x 763, 766 (6th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). "In rare cases an alternative forum may provide a remedy so 'clearly inadequate

or unsatisfactory that it is no remedy at all'—for example 'where the alternative forum does not permit litigation of the subject-matter of the dispute.'" *Id.* (quoting *Piper Aircraft*, 454 U.S. at 254 & n.22 (1981)). "Law that is simply less favorable to the plaintiff in the alternative forum is not so extraordinary as to render that forum inadequate." *Hefferan*, 828 F.3d at 495.

Next, the court determines the amount of deference to be accorded the plaintiff's choice of forum. *Id.* "The Court must give foremost consideration to the plaintiff's choice of forum, and the balance must weigh 'strongly in favor of a transfer' before the Court should grant a Section 1404(a) motion." *W. & S. Life Ins. Co. v. Morgan Stanley Mortg. Cap., Inc.*, No. 1:11-CV-00576, 2011 WL 6372845, at *4 (S.D. Ohio Dec. 20, 2011) (citing *Nicol v. Koscinski,* 188 F.2d 537 (6th Cir. 1951); *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 413 (6th Cir. 1998), and *Artisan Dev. v. Mountain States Dev. Corp.,* 402 F. Supp. 1312 (S.D. Ohio 1975)); *see also Atl. Marine*, 571 U.S. at 63 ("Because plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous (consistent with jurisdictional and venue limitations), we have termed their selection the 'plaintiff's venue privilege.'") (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 635 (1964)). Generally, the plaintiff's choice of his home forum is accorded substantial deference because it presumptively convenient. *Hefferan*, 828 F.3d at 493.

The Court then proceeds to consider "both the convenience of the parties and various public-interest considerations" to determine whether the transferee forum would be more convenient. *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). Factors relating to the convenience of the parties include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy,

expeditious and inexpensive." *Id.* at 62 n.6, quoting *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241, n. 6 (1981). Public interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* (cleaned up). The Court should "weigh the relevant factors and decide whether, on balance, a transfer would serve the convenience of parties and witnesses and otherwise promote the interest of justice." *Id.* at 63 (cleaned up).

District courts have "broad discretion" in ruling on a motion to transfer under § 1404(a). *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The moving party bears the burden of proving that a change of venue from one proper venue to another is warranted. *Tobien v. Nationwide Gen. Ins. Co.*, 133 F.4th 613, 619 n.2 (6th Cir. 2025) (collecting cases). Specifically, the moving party must establish that transfer would allow for the litigation to proceed in a *more* convenient forum, not merely "a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964).

## III. ANALYSIS

The Court first considers whether this action could have been brought in the Northern District of Georgia. "A case 'might have been brought' in a transferee court if (1) that court has subject matter jurisdiction over the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." *Total Quality Logistics, LLC v. Medellin*, 662 F. Supp. 3d 788, 791 (S.D. Ohio 2023). First, all United States District Courts have federal-question subject-matter jurisdiction to hear patent infringement cases under 25 U.S.C. § 271 and 28 U.S.C. § 1331. And permissible venue for patent cases (at least as to U.S.-based defendants) is governed by 28 U.S.C. § 1400(b), which provides that a civil action for patent infringement "may be brought in the judicial district where the defendant resides, or

where the defendant has committed acts of infringement and has a regular and established place of business." By contrast, non-U.S.-based defendants "may be sued in any judicial district." 28 U.S.C. § 1391(c); *In re HTC Corp.*, 889 F.3d 1349, 1354 (Fed. Cir. 2018) (affirming that § 1391 governs venue for non-U.S.-resident Defendants in patent actions). Defendants The Home Depot, Inc. and Home Depot U.S.A., Inc. are headquartered in Atlanta, Georgia, and therefore reside in the Northern District of Georgia. (The Home Depot, Inc.'s 10-K, ECF No. 22-7; Defs.' Reply 3 n.2, ECF No. 28.) And Home Depot Investment Management (Shanghai) Co., Ltd., is a Chinese corporation, which "may be sued in any judicial district." *See* 28 U.S.C. § 1391(c). Accordingly, venue would be proper in the Northern District of Georgia. Defendants would also be amenable to process issuing out of that district. Plaintiff argues that "Home Depot has made no showing that this Chinese entity [Defendant Home Depot Investment Management (Shanghai) Co., Ltd.] is subject to personal jurisdiction in Georgia. The motion is silent on Home Depot China's contacts with Georgia." (Pl.'s Mem. in Opp'n 10, ECF No. 25.) But Plaintiff alleges that the accused products "sit on Home Depot's shelves nationwide" (Pl.'s Mem. in Opp'n 1, ECF No. 25) and that Home Depot China "procures retail products for sale in [Home Depot's] retail stores located in Ohio and in this District." (Compl. ¶ 31, ECF No. 1.) There is no plausible suggestion that Home Depot China operates primarily or exclusively with respect to the accused products sold in Ohio and not with respect to the accused products sold in the remaining 49 states. Thus, the contacts that confer personal jurisdiction over Home Depot China in Ohio would also confer personal jurisdiction over Home Depot in Georgia. Nor does the Court find Defendants' request in the alternative for severance of Home Depot China to be dispositive of whether the action might have been brought in Georgia. (*See id.*) In sum, the Court is satisfied that this action might have been brought in the Northern District of Georgia.

Next, Plaintiff's choice of forum, although ordinarily afforded considerable deference, is entitled to little weight in this case. First, Ohio is not Plaintiff's home forum; Plaintiff is a Canadian corporation (*see* Compl., ¶ 28, alleging that Plaintiff's principal place of business is located in Niagara-on-the-Lake, Ontario, Canada) whose owner, and the inventor of the patents at issue, is located in Canada. (*See* '783 Patent, ECF No. 1-1) (listing Mr. Sherman's location in 2025 as "Thornhill (CA)," referring to Thornhill, Ontario, Canada). "Where the plaintiff does not reside in the chosen forum, courts assign less weight to the plaintiff's choice." *Means v. United States Conf. of Cath. Bishops*, 836 F.3d 643, 651 (6th Cir. 2016) (cleaned up). Nor does this litigation have any connection to Ohio beyond the fact that Defendants sell the allegedly infringing products in Ohio—but they also do so nationwide. "This Court has recognized . . . that "[w]hen the cause of action has little connection with the chosen forum, the plaintiff's choice of forum is to be given less weight than such choice would be given otherwise." *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 902 (S.D. Ohio 2013) (quoting *Armco, Inc. v. Reliance Nat. Ins. Co.,* No. C–1–96–1149, 1997 WL 311474, at *3 (S.D. Ohio Mar. 30, 1997)); *see also Perrywatson v. United Airlines, Inc.,* No. 1:09 CV 1957, 2010 WL 359696, at *2 (N.D. Ohio Jan. 29, 2010) ("While a plaintiff's choice of forum is generally entitled to substantial weight, that choice is given less consideration if the operative events giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff.").

Consider next the private interest factors. Defendants have identified several potential witnesses, who are either current or former Home Depot employees, located in the Northern District of Georgia. Defendants also point out that at least one Leedarson entity and associated witnesses, who will likely possess information relevant to this litigation, are also located in Georgia. Conversely, no parties or witnesses are located in the Southern District of Ohio. And

this factor—convenience of the witnesses—is the "primary, if not the most important, factor" in the § 1404 analysis. *Total Quality Logistics*, 662 F. Supp. 3d at 792. Moreover, beyond Home Depot's sale of the accused products (which also occurs in Georgia), the only connection this case has to Ohio is that Plaintiff's counsel is located here. But § 1404 is concerned only with the convenience of the parties and witnesses, not of counsel. *See Tanyike v. United States*, 603 F. Supp. 3d 572, 583 (S.D. Ohio 2022) ("The convenience of counsel is not a factor to be considered when ruling on a motion for transfer.") (cleaned up); *Cincinnati Ins. Co. v. O'Leary Paint Co.*, 676 F. Supp. 2d 623, 633 (W.D. Mich. 2009) ("The convenience and availability of counsel are given little weight in a change of venue motion.") (cleaned up) (collecting cases). Nor is it persuasive that Plaintiff's counsel prosecuted the patents at issue, and that therefore records related to that patent prosecution are located in this district. To the extent that those records are relevant, the prevalence of electronic document production has greatly reduced the importance of the location of documentary evidence. *See*, *e.g.*, *See Bartell v. LTE Club Operations Co*., No. 2:14-CV-00401, 2015 WL 770341, at *6–7 (S.D. Ohio Feb. 23, 2015), *report and recommendation adopted*, 2015 WL 1730415 (S.D. Ohio, Apr. 14, 2015) ("Since documents can normally be easily copied and, when they must be reviewed before copying that review is usually conducted by counsel, the location of documents is frequently only a minor consideration."); *Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1283 (S.D. Fla. 2020) (finding location of documents to be "virtually irrelevant" when the defendant identified no prejudice that may arise from having to produce documents from outside the forum). In any case, Plaintiff does not dispute that Defendants also maintain relevant documents at Home Depot's domestic headquarters in the Northern District of Georgia, making Georgia the more convenient forum to the extent that the location of documents is relevant. *See In re Apple Inc.*, 979 F.3d

1332, 1340 (Fed. Cir. 2020) ("In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer.").

As to the public interest factors, they, too, weigh in favor of transfer. Defendants rightly point out that the Northern District of Georgia is less congested in that, as of 2025, its median time from case filing to resolution is 4.1 months, whereas the median in the Southern District of Ohio is 11.1 months. *See* U.S. District Court—Judicial Caseload Profile, available at https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile1231.2025.pdf. Although Plaintiff argues that these figures cover all civil cases, and not specifically patent cases, Plaintiff offers no evidence that the relative court congestion differs for patent and non-patent cases. Nor does the fact that Defendants requested a special master to oversee claim construction in a previous Northern District of Georgia patent case suggest that either forum is more or less capable of resolving patent litigation. (*See* Pl.'s Mem. in Opp'n 14, ECF No. 25.) The remaining public interest factors are neutral. As this case spans accused products and retail stores across the country, it cannot be described as a "localized controversy"; and as this is not a diversity case, there is no "forum that is at home with the law." *See Atl. Marine*, 572 U.S. at 62 n.2.

In sum: this action could have been brought in the Northern District of Georgia; Plaintiff's choice of a foreign forum with minimal connection to the litigation is entitled to little weight; the private interest factors strongly favor transfer; and the public interest factors are neutral or favor transfer. The Court therefore concludes that the interests of justice warrant transfer of this action to the Northern District of Georgia. As a result, the Court need not consider the parties' arguments concerning Defendants' alternative request to stay the case pursuant to the customer-suit exception.

## IV. DISPOSITION

For the reasons above, Defendants' Motion to Transfer, or Alternatively to Stay Claims against Defendant under the Customer-Suit Exception (ECF No. 22) is **GRANTED**. The Clerk is **DIRECTED** to transfer this case to the Northern District of Georgia – Atlanta Division for further proceedings.

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE